UNITED STATES of America, Plaintiff,

v.

Raymond WENNICK, individually,
Carlyle Gardens Company,
Defendants.

Civ. A. No. 84–700–JLL.

United States District Court,
D. Delaware.

Sept. 24, 1986.

William C. Carpenter, Jr., U.S. Atty., and Sue L. Robinson, Asst. U.S. Atty., Wilmington, Del., and Peter M. Campanella, Ann E. Harrison, Sharon Marsha Matthews, U.S. Dept. of Housing and Urban Development, Region III, Philadelphia, Pa., for plaintiff, the U.S.

Nicholas H. Rodriguez and William W. Pepper of Schmittinger & Rodriguez, Dover, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

On April 22, 1986, the plaintiff, the United States of America, moved for summary judgment pursuant to Fed.R.Civ.P. 56 against the defendants, Raymond Wennick, individually, and Carlyle Gardens Company. (Docket Item ["D.I."] 14.)[1] The plaintiff argues that as a matter of law the United States is entitled to a judgment of foreclosure on property owned by the defendants. The Court agrees with the plaintiff that there is no issue of material fact on the issue of foreclosure and that it is entitled to summary judgment in its favor.

## BACKGROUND

In 1973, Raymond Wennick entered into a partnership agreement with a Bernard Scheinholz under the name of Carlyle Gardens Company ("Carlyle"). (D.I. 1, ¶ 5.) On March 22, 1973, Carlyle executed and delivered a mortgage note in the amount of $1,741,500 to the Roosevelt Savings Bank of the City of New York secured by a mortgage dated the same covering real estate in Dover, Kent County, Delaware, at an interest rate of 7% per annum. (*Id.* at ¶ 6.) A regulatory agreement for multi-family housing projects was executed between Carlyle and the United States Department of Housing and Urban Development ("HUD") on the same date. (*Id.* at ¶ 7.) The interest of Wennick's partner, Scheinholz, was transferred to Wennick by a deed in June 1975. (*Id.* at ¶ 10.) This transfer of interest and the assignments were recorded in the Office of Recorder of Deeds, Kent County, State of Delaware. (*Id.* at ¶¶ 10–11.)

The plaintiff filed this action on November 26, 1984 to foreclose on the mortgage, mortgage note, and security agreement. It is apparent from the evidence of record that the defendants have failed to maintain the installment payments required by the note and mortgage.[2] The evidence demonstrates that the debt incurred by the defendants is in the amount of the unpaid principal balance in addition to $340,962.39 as unpaid interest through April 1, 1984. In its complaint, the plaintiff also seeks payment of interest on the principal balance from April 1, 1984 at 7% per annum until the date of judgment. In addition, the plaintiff seeks interest on any monetary judgment recovered in the District Court from the date of the entry of judgment at a rate calculated under 28 U.S.C. § 1961. (D.I. 1, ¶¶ 14–15.)

HUD insured the mortgage on Carlyle, owned by the defendants, pursuant to 12 U.S.C. § 1715*l et seq.* The mortgage, note, and security agreement were assigned to the Secretary of HUD, who decided to pursue the foreclosure proceeding. Against the argument of the plaintiff that the defendants have defaulted on their mortgage and that foreclosure is an appropriate procedure at this juncture, the defendants raise the affirmative defense that the parties entered into a work-out agreement, under which the United States allegedly agreed to limit its foreclosure rights.

As stated before, on April 22, 1986, the United States moved for summary judgment pursuant to Fed.R.Civ.P. 56. (D.I. 14.)

## ANALYSIS

In order to grant summary judgment, a moving party must demonstrate that there is no issue as to any material fact in the case and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156, 90 S.Ct. 1598, 1607, 26 L.Ed.2d 142 (1970). A court must draw all inferences from the existing record in the light most favorable to the nonmoving party. *Good-*

---

1. Jurisdiction exists by virtue of 28 U.S.C. § 1345, and venue is properly laid in this district under 28 U.S.C. § 1391(b).

2. The statements of the defendants' mortgage account can be found in the appendix to the plaintiff's Brief in Support of Motion for Summary Judgment. (D.I. 16, Ex. B.)

man v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). While it is true the moving party bears the initial burden on this motion, the nonmoving party bears the burden of producing positive, material evidence in support of its contrary allegations. In other words, the nonmoving party must establish specific facts showing the existence of a "genuine issue for trial." Fed.R.Civ.P. 56(e).

Summary judgment is appropriate in this case for the plaintiff if: (1) default on the mortgage covering Carlyle has occurred; (2) under the mortgage the plaintiff is entitled to foreclosure; and (3) the defendant has no valid or meritorious defense as a matter of law.

█ Under the terms of the mortgage, there is no doubt that the defendants have defaulted. The mortgage, mortgage note, and security agreement all provide for monthly installment payments which the defendants have failed to make. The Carlyle mortgage is insured pursuant to the National Housing Act, 12 U.S.C. § 1715*l et seq.* 12 U.S.C. § 1713(g) provides in relevant part: "The failure of the mortgagor to make any payment due under or provided to be paid by the terms of the mortgage insured under this section shall be considered a default under such mortgage...." Therefore, the defendants' failure to make any payment under the mortgage and note is a default. According to the specific terms of the mortgage (D.I. 1, Ex. B) and the mortgage note (*id.* at Ex. A), upon default which is not made good prior to the due date of the next installment the entire amount of principal and interest becomes due immediately without notice at the option of the mortgagee.

The defendants contend that no default has occurred because of a provisional work-out arrangement allegedly entered into between the defendants and HUD in 1981. They argue that they have complied with all terms of the work-out arrangement and are therefore not in default. (D.I. 17 at 6.) The document referred to by the defendants is an unexecuted agreement signed only by them. (D.I. 16, Ex. A.) It is invalid and not legally enforceable. The person authorized to approve any agreement with the defendants was Robert P. Kalish, Director, Office of Multi-family Housing and Preservation. Neither his signature nor any other authorized HUD official signature appears on the document.

Even assuming that the agreement was valid and binding, the defendants would still be in default at the present juncture entitling the plaintiff to foreclosure and judgment. Furthermore, HUD has continuously treated the mortgage on the Carlyle property as a loan in default. Paragraph one of the alleged work-out arrangement acknowledges HUD's continuing entitlement to possession because of default. (D.I. 16, Ex. A.) The loan has been in default from 1976 to 1986, during which Notices of Mortgage Payment Due reflected the increasing amounts of which the mortgagor was delinquent. (*Id.* at Ex. B.) It is well established that provisional work-out agreements do not modify or supersede the original mortgages and mortgage notes or alter HUD's rights to foreclosure on default. *United States v. Victory Highway Village, Inc.,* 662 F.2d 488, 495 (8th Cir.1981); *United States v. 1300 Lafayette East,* 455 F.Supp. 988, 991 (E.D.Mich.1978).

█ Second, the United States is entitled to foreclose because the decision of the Secretary of HUD to foreclose on the mortgage on Carlyle is consistent with the policy of the National Housing Act and is not arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with law. Judicial review of the Secretary's decision to foreclose is a very limited one. This review "does not entail a *de novo* review of the merits of HUD's decision or compel HUD to initially file proof of procedural regularity." *United States v. Prince Paul Village, Inc.,* 597 F.Supp. 118, 120 (C.D.Ill.1984), *aff'd,* 789 F.Supp. 597 (7th Cir.1986). The Court only reviews HUD's decision to foreclose to determine whether it is consistent with national housing objectives. *United States v. Winthrop Towers,* 628 F.2d 1028, 1034–35 (7th Cir.1980).

■ In this case, it is undisputed that the mortgage on the Carlyle property is currently in default and has been so for many years. The Secretary is under a duty to act in order to protect the insurance fund. The Secretary did not institute foreclosure in 1975 when the mortgagor defaulted nor in 1976 when foreclosure was first considered. (D.I. 16, Ex. F.) The owners of Carlyle continued to remain in default, even after they began to receive Section 8 rent subsidies in 1978. 42 U.S.C. § 1437f *et seq.* Foreclosure was only initiated in 1983 and filed in 1984. Under these circumstances the Court finds that the Secretary's decision to foreclose is fully consistent with the objectives of the National Housing Act.[3]

Third, the affirmative defenses raised by the defendants cannot withstand the plaintiff's motion for summary judgment. The defendants' argument that under a work-out agreement the plaintiff somehow surrendered its continuing right under the terms of the mortgage and mortgage note to foreclose on the Carlyle property is without merit and has been discussed already. In addition to their argument that the work-out agreement is legally enforceable, the defendants seek to bar the plaintiff's right to foreclose by estoppel because of reliance on the work-out arrangement. However, unlike a private agreement, here one party to an agreement is the United States. The interest of the public must always take precedence. "[T]he United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit." *Utah Power & Light Co. v. United States*, 243 U.S. 389, 409, 37 S.Ct. 387, 391, 61 L.Ed. 791 (1917). Statements by officials of HUD or provisions of the agreement "cannot bind the United States or work an estoppel against its exer-

cise of a right clearly defined in the statute and reserved in the mortgage(s)." *Victory Highway Village*, 662 F.2d at 496 (quoting *United States v. Woodland Terrace, Inc.*, 293 F.2d 505, 509 (4th Cir.1961), *cert. denied*, 368 U.S. 940, 82 S.Ct. 381, 7 L.Ed.2d 338 (1961)).

■ Any reliance by the defendants on the alleged agreement of work-out is misplaced and insufficient grounds to deny foreclosure. Under the law and the facts of this case, the plaintiff cannot be barred by estoppel. Even assuming a valid work-out agreement between the parties, the right to pursue foreclosure granted to the plaintiff by the governing statute and by the terms of the instruments continue in full force and effect. Moreover, the Court finds that the interest of the public in the availability of housing in fact will be harmed if foreclosure is not instituted.

The defendants make the further argument based on equitable grounds that HUD's "illegal, arbitrary and capricious action in ordering retroactive rent reductions impaired the financial viability of the project." (D.I. 17 at 9.) The Delaware State Housing Authority ("DSHA") entered into a series of housing assistance payments contracts with the defendants. The defendants argue that pursuant to 24 C.F.R. 882.120 the tenants were entitled to Section 8 assistance payments for six years after the completion of the project and "automatic rent adjustments" pursuant to 24 C.F.R. 882.108. After the six-year period the tenants continue to be eligible for higher assistance payments and automatic annual adjustments. 49 Fed.Reg. 26,576 (June 28, 1984). However, in 1983, HUD objected to DSHA's approval of automatic adjustments and ordered a retroactive reduction of the rents and ordered DSHA to

---

**3.** The plaintiff has also stated that its lien is prior to and superior to any other lien or claim against the property. The defendants have offered no evidence to contradict this assertion and the Court will accept it as proven. (D.I. 1, ¶ 16.) Furthermore, the conditions and terms for foreclosing on property owned by the de-

fendants are explicitly spelled out in the mortgage: "That upon default hereunder Mortgagee shall be entitled to the appointment of a receiver ... to take possession of the property described herein and operate same and collect the rents, profits and income therefrom." (D.I. 1, Ex. B, ¶ 5.)

recover the difference from the defendants. (*Id.* at 8–9.)

 The Court finds this argument unavailing. The defendants have been in default on the mortgage since 1975, many years prior to the reduction in Section 8 payments. The argument of cause and effect offered by the defendants therefore is not a strong one. HUD made the discretionary decision not to approve the rental assistance adjustments. Again, there is no evidence suggesting that this decision of HUD was arbitrary or capricious. Furthermore, the Court agrees with the plaintiff that the matter of the rental assistance payments is immaterial in considering the plaintiff's right to foreclose in this action. The defendants have pointed to no provision in the statute or case authority which make reduction of this assistance a material factor in reviewing a decision to foreclose.

It should also be noted that the complaint requested a deficiency judgment be entered against defendant Raymond Wennick, individually, in such amount as the Court may find just and proper in the event the sale of the property at foreclosure is insufficient to satisfy plaintiff's judgment. (D.I. 1.) Finally, plaintiff argued in its briefs, although not claimed in its complaint, that plaintiff was seeking to recover from Raymond Wennick, individually, funds which he is not entitled to retain under paragraphs 17(a) and (b) of the Regulatory Agreement. (Ex. BB to D.I. 1.) These two issues, however, are not now before the Court because by an agreed stipulation of the parties, approved by the Court, plaintiff (1) has withdrawn its claim for a deficiency judgment against defendant Raymond Wennick individually, and (2) has agreed that any claim against defendant Raymond Wennick, individually, seeking to recover funds from him under the Regulatory Agreement is not properly before the Court in this action and any such claim was dismissed without prejudice. (D.I. 24.)

An order will be entered granting plaintiff summary judgment in its favor against the defendants on the foreclosure issue.